UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDRE LAMONT BOYD, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.    CIVIL NO. 3:13CV150

CEVA FREIGHT, LLC.,
a Delaware Corporation

    SERVE:    Secretary of Commonwealth
                  1111 East Broad Street
                  Richmond, Virginia

## CLASS ACTION COMPLAINT

Now comes the plaintiff, Andre Lamont Boyd ("Boyd") on behalf of himself and all other similarly situated individuals and for his Class Action Complaint alleges the following claims:

### PRELIMINARY STATEMENT

1. This class action seeks remedies under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") on behalf of consumers who were the subject of consumer reports procured by CEVA Freight, LLC ("CEVA") as a precondition of employment with CEVA during the period prescribed by 15 U.S.C. § 1681p ("the Class Period") preceding the date of filing of this Complaint.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in the Eastern District of Virginia because CEVA is subject to personal jurisdiction in this District, maintains a place of business in this District, and makes employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(c).

## PARTIES

4. Andre Boyd ("Boyd") is a citizen of the State of Virginia and a "consumer" as defined in 15 U.S.C. § 1681a.

5. CEVA is a for-profit corporation conducting business and hiring employees in the State of Virginia.

6. Further, CEVA is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined in 15 U.S.C. § 1681a.

## ALLEGATIONS AS TO THE NAMED PLAINTIFF

7. On or about March 21, 2011, Boyd applied online for a commercial truck driver position with CEVA by filling out CEVA's online job application.

8. On March 21, 2011 CEVA engaged HireRight Solutions, Inc. ("HireRight"), a consumer reporting agency as defined by 15 U.S.C. § 1681a, to provide a consumer report, which included adverse public record information regarding Boyd.

9. On March 31, 2011 HireRight provided CEVA with Boyd's consumer report which included dates of service for Boyd's prior employment.

10. Prior to procuring Boyd's consumer report, CEVA failed to provide Boyd with adequate notice by oral, written, or electronic means that a consumer report may be obtained for employment purposes.

11. Prior to procuring Boyd's consumer report, CEVA also failed to provide Boyd

with a summary of his rights under 15 U.S.C. § 1681m(a)(3) of the FCRA. These rights include the right to obtain a free copy of a consumer report from the consumer reporting agency within sixty (60) days, as well as the right to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

12. Upon receiving Boyd's application, CEVA instructed Boyd to travel to CEVA's Odenton, Maryland location for an interview.

13. After meeting with CEVA in Odenton, Maryland, CEVA contacted Boyd via telephone to inform him that CEVA's Corporate Headquarters would not accept his application because the dates of service for his previous employment on his online application did not match the dates of service for his previous employment on his HireRight consumer report.

14. Thus, CEVA took adverse action against Boyd by denying him employment based in whole or in part upon the information contained in the report it received from HireRight.

15. At no point did CEVA provide Boyd with adequate adverse action notice, including: (1) the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis); (2) notice that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and (3) notice that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report, as required by 15 U.S.C. § 1681b(b)(3)(B).

## ALLEGATIONS AS TO THE COMMON QUESTIONS

16. For at least five (5) years, CEVA has purchased consumer reports from HireRight or its affiliates regarding job applicants, which are used for employment purposes.

17. Upon information and belief, CEVA does not provide job applicants with notice by oral, written, or electronic means that a consumer report may be obtained for employment purposes, nor does CEVA provide consumers with a summary of their rights under 15 U.S.C. § 1681m(a)(3) of the FCRA prior to procuring said reports, in direct violation of 15 U.S.C. § 1681b(b)(2)(B)(i).

18. Further, upon information and belief, CEVA does not provide notice to job applicants verbally, electronically, or in writing which includes: (1) the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis); (2) notice that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and (3) notice that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report, in direct violation of 15 U.S.C. § 1681b(b)(3)(B).

19. CEVA's violations of the FCRA have been willful, wanton and reckless in that CEVA knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

20.  15 U.S.C. § 1681n(a) permits a consumer to recover statutory and punitive damages, along with attorney fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

21.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Boyd brings this action on behalf of the Putative Classes:

### Disclosure Class

a.  All persons residing in the United States who applied for employment with CEVA during the period provided by 15 U.S.C. § 1681p via facsimile, telephone, electronic mail, by regular mail, or other similar means, and about whom, during the application process, CEVA procured a criminal background report or other consumer report without first: 1) notifying those persons by that a consumer report may be obtained for employment purposes; 2) notifying those persons of their right to obtain a free copy of consumer report from the consumer reporting agency within sixty (60) days; and (3) notifying those persons of their right to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

### Adverse Action Class

b.  All persons residing in the United States who applied for employment with CEVA via facsimile, telephone, electronic mail, by regular mail, or other similar means and against whom CEVA took adverse action based in whole or in part upon the consumer report without providing notice within 3 days of taking adverse action that included (1) the name, address, and telephone number of the consumer reporting agency, (2) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, and (3) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

23.  Upon information and belief, the Putative Class exceeds 1,000 members. Information concerning the exact size of the Putative Class is within the exclusive possession of

CEVA.

24. The Class and Subclass members are so numerous that joinder of all members is impracticable.

25. There are questions of law or fact common to the Class and Subclasses.

26. Boyd's claims are typical of the claims of the other Class and Subclass members as all Class and Subclass members were similarly affected by CEVA's unlawful conduct.

27. Boyd will fairly and adequately protect the interest of the Class and Subclass members and has retained counsel competent and experienced in complex class-action litigation. Boyd is a member of the Class and Subclasses and does not have any interests antagonistic to or in conflict with the Class or Subclass members. Instead, Boyd's claims are the same as those of the Class and Subclasses, arising from the same operative facts and based upon the same legal theories.

28. Common questions of law and fact exist as to all Class and Subclass members and predominate over any questions solely affecting individual Class and Subclass members, including:

    a. Whether CEVA violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide consumers with notice by oral, written, or electronic means that a consumer report may be obtained for employment purposes

    b. Whether CEVA violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide consumers with notice of their right to obtain a free copy of a consumer report from the consumer reporting agency within sixty (60) days, and notice of their right to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

    c. Whether CEVA, within three (3) business days of taking adverse action, provided oral, written, or electronic notification to consumer of the name, address and

6

        telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(II);

    d.    Whether CEVA, within three (3) business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(III);

    e.    Whether CEVA, within three (3) business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(IV);

    f.    Whether CEVA, within three (3) business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provided the consumer with a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under 15 U.S.C. § 1681g(c)(3).

    g.    Whether CEVA knowingly and intentionally acted in conscious disregard of the rights of the consumer.

    h.    Whether CEVA was negligent in its (or had a complete lack of) training, supervision, and/or implementation of policies and procedures concerning the appropriate usage of consumer reports.

    29.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Specifically, the membership of the Class and Subclasses is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

30. Further, the prosecution of several actions by individual Class and Subclass members would create a risk of varying adjudications with respect to Class and Subclass members and create inconsistent standards of conduct for those opposing the Class and Subclasses. Lastly, individual actions by Class and Subclass members may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

## COUNT ONE – CLASS CLAIM
## DISCLOSURE CLAIM – 15 U.S.C. 1681b(b)(2)(B)(i)

31. Boyd and the putative Class and Subclass members reallege and incorporate by reference all preceding allegations of law and fact.

32. CEVA willfully violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the applicant with notice by oral, written, or electronic means that a consumer report may be obtained for employment purposes.

33. CEVA willfully violated 15 U.S.C. § 1681(b)(2)(B)(i) by failing to provide consumers with a summary of the their rights under 15 U.S.C § 1681m(a)(3) of the FCRA.

34. Boyd and the putative Class and Subclass members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

35. Boyd and the putative Class and Subclass members also seek punitive damages, attorney fees and costs for these violations pursuant to 15 U.S.C. § 1681n(a)(2)-(3).

36. In the alternative to the allegations that these violations were willful, Boyd and the Class members allege that the violations were negligent and seek issue certification of pursuant to 15 U.S.C. § 1681o and Fed. R. Civ. P. 23(c)(4).

## COUNT TWO – CLASS CLAIM
## ADVERSE ACTION – 15 U.S.C. § 1681b(b)(3)(B)(i)

37. Boyd and the putative Class and Subclass members reallege and incorporate by reference all preceding allegations of law and fact.

38. CEVA willfully violated 15 U.S.C. § 1681b(b)(3)(B)(i) by taking adverse action based in whole or in part upon the consumer report without providing verbal, electronic, or written notice within three (3) business days of taking the adverse action which included: (1) the name, address, and telephone number of the consumer reporting agency; (2) notice that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken; and (3) notice that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

39. Boyd and the putative Class and Subclass members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

40. Boyd and the putative Class and Subclass members also seek punitive damages, attorney fees and costs for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

41. In the alternative to the allegations that these violations were willful, Boyd and the Class members allege that the violations were negligent and seek issue certification of pursuant to 15 U.S.C. § 1681o and Fed. R. Civ. P. 23(c)(4).

**WHEREFORE,** Boyd and the putative Class and Subclass members respectfully pray for the following relief:

    A. An order certifying the proposed Class and Subclasses herein pursuant to Fed. R. Civ. P. 23(b)(3) and appointing the undersigned counsel to represent the Class and Subclasses;

  B. The creation of a common fund available to provide notice of, and remedy for CEVA's unlawful conduct;

  C. Statutory and punitive damages for all Class and Subclass claims;

  D. Attorney fees, expenses and costs;

  E. Pre-judgment and post-judgment interest as provided by law; and

  F. Such other relief as the Court deems just and proper.

WHEREFORE, your Plaintiffs move for judgment for themselves and on behalf of the defined classes against the Defendant for damages, attorneys' fees and costs, injunctive and declaratory relief, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

       Respectfully submitted,

       ANDRE LAMONT BOYD, on behalf of Himself and all others similarly situated,

       _____
       Of Counsel

Leonard A. Bennett (VA No. 27523)
Susan M. Rotkis (VA No. 40693)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email:  lenbennett@clalegal.com
    srotkis@clalegal.com

Matthew A. Dooley (OH No. 0081482), pro hace vice pending
Dennis M. O'Toole (OH No. 0003274), pro hace vice pending
Anthony R. Pecora (OH No. 0069660), pro hace vice pending
STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@sheffieldlaw.com
dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com

*Counsel for Andre Boyd and the putative Class and Subclasses*