**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ANDRE LAMONT BOYD, on behalf of**
**Himself and all others similarly situated,**

      **Plaintiff,**

                                        **Civil Action No. 3:13cv150**

**v.**

**CEVA FREIGHT, LLC,**

      **Defendant.**

## CEVA FREIGHT LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

      Defendant CEVA Freight, LLC ("CEVA Freight"), by counsel, submits the following for its Answer to Andre Lamont Boyd's ("Plaintiff" or "Boyd") Class Action Complaint ("Complaint").

### PRELIMINARY STATEMENT

      1.      CEVA Freight admits that this action is purportedly brought under the Fair Credit Reporting Act ("FCRA") on behalf of a purported class of individuals.  Plaintiff's allegations regarding the individuals on whose behalf he purportedly brings the claims are not allegations of fact and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

### JURISDICTION AND VENUE

      2.      The allegations in Paragraph 2 regarding subject matter jurisdiction are legal conclusions to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

      3.      The allegations in Paragraph 3 regarding venue, personal jurisdiction and residence are legal conclusions, therefore, no response is required.  To the extent those

allegations are contrary to the law, the allegations are denied.   CEVA Freight admits that it maintains a place of business in this district.

## PARTIES

4.      CEVA Freight lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint regarding Plaintiff's citizenship and, therefore, denies the same.   Plaintiff's allegation regarding his status as a "consumer" calls for a legal conclusion, therefore, no response is required.    To the extent that allegation is contrary to the law, the allegation is denied.

5.      CEVA Freight admits that it is a for-profit corporation conducting business and hiring employees who live in the state of Virginia.

6.      The allegations in Paragraph 6 regarding "person," "consumer report," "employment decisions," "adverse action," and "consumers" are legal conclusions to which no response is required.   To the extent the allegations are contrary to the law, the allegations are denied.

## ALLEGATIONS AS TO THE NAMED PLAINTIFF

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Denied.

14.      Denied.

15.     The allegations in Paragraph 15 of the Complaint regarding what is required in an "adequate adverse action notice" are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

16.     The allegations in Paragraph 16 of the Complaint regarding "consumer reports" and "employment purposes" call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to law, they are denied.  By way of further response, CEVA Freight admits that it purchases background check material from HireRight, Inc.

17.     Denied.

18.     Denied.

19.     Denied.

20.     The allegations in Paragraph 20 of the Complaint call for legal conclusions regarding damages under the FCRA and, therefore, no response is required.  To the extent the allegations are contrary to the law, they are denied.

## CLASS ACTION ALLEGATIONS

21.     The allegations in Paragraph 21 of the Complaint, including subparts (a) and (b), are not factual allegations but, rather, consist of Plaintiff's definition of the purported class. Therefore, no response is required.  To the extent a response is required, CEVA Freight denies the allegations. By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

23.     Determining the size of Plaintiff's purported class requires legal conclusions and, therefore, no response is required.  To the extent Plaintiff's allegations are contrary to law, they

are denied.  By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.[1]

24.     The allegations in Paragraph 24 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent Plaintiff's allegations are contrary to law, they are denied.  By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

25.     The allegations in Paragraph 25 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent Plaintiff's allegations are contrary to law, they are denied.  By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

26.     The allegations in Paragraph 26 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent Plaintiff's allegations are contrary to law, they are denied.  By way of further response, CEVA Freight denies that it violated the FCRA or otherwise acted unlawfully, that class treatment is appropriate, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

27.     The allegations in Paragraph 27 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent Plaintiff's allegations are contrary to law, they are denied.  By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, that Boyd is a purported class member, and that CEVA Freight is

---

[1] The numbering in this Answer tracks the paragraph numbering in Plaintiff's Complaint.

liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

28.   The allegations in Paragraph 28 of the Complaint, including subparts (a) through (h), call for legal conclusions and, therefore, no response is required.   To the extent Plaintiff's allegations are contrary to law, they are denied.   By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, that Boyd is a purported class member, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

29.   The allegations in Paragraph 29 of the Complaint call for legal conclusions and, therefore, no response is required.   To the extent Plaintiff's allegations are contrary to law, they are denied.   By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, that Boyd is a purported class member, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

30.   The allegations in Paragraph 30 of the Complaint call for legal conclusions and, therefore, no response is required.   To the extent Plaintiff's allegations are contrary to law, they are denied.   By way of further response, CEVA Freight denies that it violated the FCRA, that class treatment is appropriate, that Boyd is a purported class member, and that CEVA Freight is liable to Plaintiff or other purportedly similarly situated candidates and employees in any manner whatsoever.

**COUNT ONE – CLASS CLAIM UNDER 15 U.S.C. § 1681b(b)(2)(B)(i)**

31.     Paragraph 31 does not include allegations of fact, but, rather, a restatement of Plaintiff's previous allegations.  Therefore, no response is required.  To the extent a response is required, CEVA Freight denies the allegations.

32.     Denied.

33.     Denied.

34.     The allegations in Paragraph 34 are not allegations of fact but, rather, allegations of the damages Plaintiff purportedly seeks.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, CEVA Freight denies that it is liable to Plaintiff in any manner whatsoever.

35.     The allegations in Paragraph 35 are not allegations of fact but, rather, allegations of the damages and fees Plaintiff purportedly seeks.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, CEVA Freight denies that it is liable to Plaintiff in any manner whatsoever.

36.     The allegations in Paragraph 36 are not allegations of fact but, rather, allegations of willfulness and negligence, and allegations related to issue certification.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, CEVA Freight denies that it is liable to Plaintiff, that it acted willfully or negligently, or that a class action can properly be certified in this case.

**COUNT TWO – CLASS CLAIM UNDER 15 U.S.C. § 1681b(b)(3)(B)(i)**

37.     Paragraph 37 does not include allegations of fact, but, rather, a restatement of Plaintiff's previous allegations.  Therefore, no response is required.  To the extent a response is required, CEVA Freight denies the allegations.

6

38.     Denied.

39.     The allegations in Paragraph 39 are not allegations of fact but, rather, allegations of the damages Plaintiff purportedly seeks.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, CEVA Freight denies that it is liable to Plaintiff in any manner whatsoever.

40.     The allegations in Paragraph 40 are not allegations of fact but, rather, allegations of the damages and fees Plaintiff purportedly seeks.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, CEVA Freight denies that it is liable to Plaintiff in any manner whatsoever.

41.     The allegations in Paragraph 41 are not allegations of fact but, rather, allegations of willfulness and negligence, and allegations related to issue certification.  Therefore, no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, CEVA Freight denies that it is liable to Plaintiff, that it acted willfully or negligently, or that a class action can properly be certified in this case.

42.     CEVA Freight denies each and every allegation in the WHEREFORE paragraph immediately following Paragraph 41.  Specifically, CEVA Freight denies: (1) certification of a class is appropriate; (2) that Plaintiff is entitled to actual, statutory, or punitive damages; (3) that Plaintiff is entitled to attorneys' fees, expenses, or costs; (4) that Plaintiff is entitled to any pre-judgment and post-judgment interest whatsoever; (5) that Plaintiff is entitled to the creation of a common fund; and (6) that Plaintiff or other individuals are entitled to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      CEVA Freight reserves the right to add any additional defenses of which it learns during discovery.

3.      CEVA Freight did not willfully violate the FCRA or any other legal requirement.

4.      CEVA Freight did not negligently violate the FCRA or any other legal requirement.

5.      Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent Plaintiff, or any member of the purported class, have not suffered any actual damages.

6.      Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent Plaintiff's damages, if any, were caused by their own acts or omissions, or other acts or omissions of third parties other than CEVA Freight.

7.      Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent they have failed to mitigate their damages.

8.      Some or all of the claims stated in the Complaint, including claims made on behalf of the purported class, may be barred by the applicable statute of limitations and/or the doctrine of laches.

9.      The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

10.     This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

11.     Plaintiff's claims, and the claims made on behalf of the purported class, for punitive damages, may be unconstitutional to the extent they fail to comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia. *See, e.g.*, *Williams v. Telespectrum, Inc.*, No. 3:05cv853, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

12.     Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent that such claims are barred by principles of *res judicata* and/or estoppel or the failure to assert such claims as compulsory counterclaims in prior litigation.

13.     Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by any previous applicable settlements and/or releases.

14.     Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by the doctrines of waiver and/or estoppel.

15.     If and to the extent that Plaintiff's claims, or those of any purported class member, are determined by the Court to require a showing of negligent conduct (rather than a showing of willfulness), then those claims are barred, in whole or in part, by the negligence (and/or intentional conduct) of Plaintiff and the members of the purported class.

16.     The Court lacks subject matter jurisdiction over Plaintiff's claims, and the claims made on behalf of the purported class members, because Plaintiff and the purported class members have failed to allege an injury-in-fact sufficient to confer constitutional standing on those individuals.

**WHEREFORE,** Defendant CEVA Freight, by counsel, respectfully requests:

(1)     that the Court enter judgment in favor of CEVA Freight and against Plaintiff on the claims in the Complaint and deny all relief sought by Plaintiff;

(2)     that the Court decline to certify Plaintiff's claims as a class action;

(3)     that the Court award CEVA Freight its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(4)     that the Court award CEVA Freight such other and further relief as this Court deems just and proper.

**CEVA FREIGHT, LLC**

By:    /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
David M. Gettings (VSB No. 80394)
*Attorney for CEVA Freight, LLC*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No. (757) 687-7765
Facsimile No. (757) 687-7515
Email:  john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I certify that on the 29th day of May 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

### Counsel for Plaintiff
Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com

Anthoney R. Pecora
Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman
5455 Detroit Rd
Sheffield Village, OH 44054
(440) 930-4017
Email: apecora@sheffieldlaw.com

Matthew A. Dooley
Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman
5455 Detroit Rd
Sheffield Village, OH 44054
(440) 930-4001
Email: mdooley@sheffieldlaw.com

Susan Mary Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
Fax: (757) 930-3662
Email: srotkis@clalegal.com

/s/ John C. Lynch
John C. Lynch (VSB No. 39267)
David M. Gettings (VSB No. 80394)
*Attorney for CEVA Freight, LLC*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No. (757) 687-7765
Facsimile No. (757) 687-7515
Email:  john.lynch@troutmansanders.com

20492640