**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **ANDRE LAMONT BOYD on Behalf of Himself and All Others Similarly Situated**<br><br>Plaintiff,<br><br>vs.<br><br>**CEVA FREIGHT, LLC., et al.**<br><br>Defendants. | Civil Action No. 3:13cv150 |

**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES**

COMES NOW the Plaintiff, by counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), and makes the following disclosures to Defendants. These initial disclosures are based on information reasonably available to Plaintiff at this time. Plaintiff reserves the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiff does not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action. Plaintiff also does not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

**I.     Individuals Likely to Have Discoverable Information**

- Andre Lamont Boyd
  c/o Stumphauzer | O'Toole
  5455 Detroit Road
  Sheffield Village, Ohio 44054

  Mr. Boyd has information regarding the facts alleged in his Amended Complaint, including the contents of the criminal background report at issue and inaccuracies contained therein, and the effect that the inaccurate report had on his ability to obtain employment with Defendants.

- The spouse, partner or significant other and all family members, friends, and associates of Andre Boyd and each putative class member. Counsel has not identified all such persons, and as to those who have been identified, counsel has not yet decided which of these persons they may call as witnesses.

  These individuals have personal knowledge regarding each Plaintiff or class members' problems created by Defendants' conduct as well as their damages from such conduct

- Employees of Defendants

  Fed. R. Civ. P. 30(b)(6) representative(s) with knowledge of: (a) Defendants' use of consumer reports to make employment decisions, (b) Defendants' policies and procedures for taking adverse action based in whole or in part upon information contained in consumer reports, and (c) Defendants' purported disclosures to job applicants that a consumer report would be obtained for employment purposes.

- HireRight Solutions, Inc.
  4500 S. 129th East Avenue
  Suite 200
  Tulsa, Oklahoma 74134-5885

  Fed. R. Civ. 30(b)(6) representatives with knowledge of any agreement between Defendants and HireRight Solutions, Inc. for the supply of consumer reports for employment purposes and knowledge of the identity of putative class members.

- Putative Class Members

        Putative Class Members have knowledge of Defendants' employment application process.

- Any witness identified by Defendants in their Initial Disclosures.

## II. Copies of Documents in Possession of Plaintiff

Other than those documents obtained from any Defendant in discovery, the Plaintiffs have the following documents in their possession and control:

Plaintiff's Bate Stamp Nos. 000001 – 001508 – Plaintiff's counsel will forward Plaintiff's Bate Stamped Exhibits under separate cover to Defendant's counsel.

| Document Type | Bate Stamp # |
|---|---|
| Documents regarding Andre Lamont Boyd | 000001 – 000039 |
| Information obtained from cevalogistics.com website | 000040 - 000170 |
| CEVA Global Antitrust and Competition Law Policy and Procedures | 000171 - 000201 |
| CEVA Code of Business Conduct | 000202 - 000224 |
| CEVA Group, PLC – 2013 – Financial Reports | 000225 - 000282 |
| CEVA Group, PLC – 2012 – Financial Reports | 000283 - 000424 |
| CEVA Group, PLC – 2011 – Financial Reports | 000425 - 000579 |
| CEVA Group, PLC – 2010 – Financial Reports | 000580 - 000739 |
| CEVA's Global Website – 2013 Media Releases | 000740 - 000918 |
| CEVA's Global Website – 2012 Media Releases | 000919 - 001219 |
| Sleuthing – 101 A Primer – Background Checks and the Law by Barry Nadell | 001220 - 001404 |
| NAPBS – Employer Education Series – Background Screening and Employer Compliance with the FCRA | 001405 - 001427 |
| NAPBS – Criminal Background Checks for Employment Purposes | 001428 - 001434 |
| NAPBS – Background Screening – Past, Present and Future | 001435 - 001442 |
| NAPBS – Standardization of Common Industry Terms – February 2009 | 001443 - 001485 |
| NAPBS – Verifications Best Practices: What Clients Need to Know for Successful Outsourced Verifications | 001486 - 001497 |
| NAPBS – Fact Sheet | 001498 - 001501 |
| FTC Articles concerning Background Checks | 001502 - 001508 |

## III. Computation of Damages

 A. Individual Claims

  i. Itemization of Damages

3

Boyd seeks damages for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); s*ee Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

    **ii.**    **Categories and Types of Actual Damages**

- Emotional and mental anguish, frustration and annoyance from being deterred from applying for employment.
- Emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied employment.
- General economic damages in the form of lost employment capacity.
- General damages in the form of damage to reputation.
- Economic damage also includes the considerable time, effort and expense Boyd has been forced to expend attempting to force Defendants to comply with their statutory obligations.

    **iii.**    **Case Law Supporting Actual Damages**

Actual damages are supported by the following FCRA decisions and settlements:

- *Adams v Phillips,* 2002 U.S. Dist. LEXIS 24888 (E.D. LA 2002) ($225,000 actual damages and $275,000 punitive damages based upon general and economic damage theories);

- *Anderson v. Conwood Co.,* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

- *Ayers v. v. Experian*, Case Number 3:03cv1048 (E.D. VA 2004)(Judgment taken on offer of judgment $95,000 for claimed damages of emotional distress under 15 U.S.C. 1681e(b), defended by Jones Day);

- *Bell v. May Department Stores* (Missouri 2000, jury award $50,000 actual damages);

- *Boris v. Choicepoint Servs., Inc.*,WL 1255891 (W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate reporting by consumer reporting agency. $250,000 punitive damage award sustained.);

4

- *Brown v. Experian*, (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day);
- *Bryant v. TRW Inc.*, 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705, tried and appealed by Sidney Frank, local counsel for Experian);

- *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County*, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

- *Cousin v. Trans Union;* 246 F. 3d 399 (5th Cir. 2001) ($50,000 actual damages; 4.5 million punitive vacated by appellate court)

- *Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

- *Johnson v. MBNA* (D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section1681s-2(b), appeal reported at 357 F.3d 426 (4th Cir.2004);

- *Jorgenson v Experian* (D. Ore. No. 96-286-JE) (jury awarded $600,000 actual damages in 1998);

- *McGowan v. Warner,* Alabama (CV 9503310, 1999) (jury awarded $1.85 million to identity theft victim)

- *Milgram v. Advanced Cellular Systems, Inc.*, 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for actual damages, $20,224 in attorney's fees);

- *Mills v. NationsBank* (Florida, 1999) (jury award $140,000 actual and $300,000 punitive damages);

- *Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

- *Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

5

- *Soghomonian v. Trans Union*, (N.D Ca 2004) ($330,000 actual damages and $660,000 punitive damages);

- *Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees);
- *Thomas v. Trans Union*, (D. Or. 2002). (jury awarded $5 million punitive, $300,000 actual damage for emotional distress, with punitive damages remitted to $1million);

- *Thompson v. Equifax*, (Ala. 2002) (jury award $80,000);

- *Thompson v. San Antonio Retail Merchants Asps'*, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses);

- *Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

- *Wenger v. Trans Union* (Cal. jury award of actual damages of $200,000); and

- *Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotional distress sustained based on impermissible access of consumer report under false pretenses).

**Punitive Damages**

Boyd seeks punitive damages that are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).

**Case Law Supporting Punitive Damages:**

Punitive damages are expected to fall within the general range of the consumer employment cases outlined below:

- *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) ($2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

- *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

- *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

- *Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (no remittitur of $700,000 punitive damage award);

- *Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

- *Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594 (E.D. Ca 2005) ($660,000 punitive damages);

- *Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

- *Thorton v. Equifax Inc*., 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages); and

- *Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

B. **Class Claims**

Pursuant to 15 U.S.C. §1681n, Boyd and each Class Member seek statutory damages of no less than $100.00 and no more than $1,000.00 per violation, punitive damages in an unliquidated amount; and attorney fees and costs.

Respectfully submitted,

BY:    /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Matthew A. Dooley (OH Bar 0081482)
Anthony R. Pecora (OH Bar 0069660)
STUMPHAUZER | O'TOOLE
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@sheffieldlaw.com
apecora@sheffieldlaw.com

Susan M. Rotkis (VA No. 40693)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: srotkis@clalegal.com

*Counsel for Andre Boyd and the putative Class and Subclass*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Michael Gettings
Troutman Sanders, LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
E-mail: david.gettings@troutmansanders.com

John C. Lynch
Troutman Sanders, LLP
P.O. Box 61185
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
E-mail: john.lynch@troutmansanders.com

/s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com