UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDRE LAMONT BOYD, on behalf of
Himself and all others similarly situated,

        Plaintiff,

                                      Civil Action No. 3:13cv150

v.

CEVA FREIGHT, LLC,

CEVA LOGISTICS, LLC,

CEVA LOGISTICS NORTH AMERICA,

CEVA LOGISTICS, U.S. INC.,

and

JOHN DOE, INC.

        Defendants.

## AGREED SCHEDULING ORDER

1. **Contact Information.** Counsel shall disclose to each other their email addresses as well as street addresses, which shall not be a post office box.

2. **Settlement Conference.** The parties recognize the value of early settlement discussions and will confer in good faith to choose a private mediator and schedule a private mediation. If the private mediation proves unsuccessful, the parties will contact the designated Magistrate Judge to schedule a settlement conference within thirty (30) days of the private mediation

3. **Limitations/Phased Discovery.** The parties will conduct discovery in two phases. In the event the First Amended Class Action Complaint is amended again, the parties

agree that they may jointly, or either party may individually, move the Court to amend this discovery schedule.

Phase I discovery shall be completed by January 17, 2014 and shall be limited to: (1) the merits of the named plaintiff's claims that the FCRA was violated with respect to him; and (2) evidence necessary for the parties to litigate class certification.

The deadline for the parties to file motions for summary judgment based upon Phase I discovery and for the Plaintiff to move for class certification shall be February 6, 2014. Opposition briefs shall be filed within Twenty-One days thereafter. Reply briefs shall be filed within Fourteen days thereafter.

Phase II discovery shall commence upon the Court's ruling on motions for summary judgment and class certification and shall be completed by May 9, 2013, unless otherwise ordered by the Court. Phase II discovery shall take place only to the extent necessary based upon the Court's rulings on the parties' motions for summary judgment and the Plaintiff's motion for class certification. Issues reserved for Phase II discovery include whether the FCRA was violated with respect to unnamed class members and factual issues bearing on whether the alleged violations of the FCRA were willful. These issues include resources and efforts devoted to FCRA compliance, audits undertaken to confirm compliance and class-wide factual discovery, and class member identities.

The Parties disagree as to the relevance of discovery of class member identities in Phase I and will continue their attempt to reach a compromise regarding such discovery.

Based on the current Complaint, the following deadlines shall apply in this case:

| **Activity** | **Deadline** |
| --- | --- |
| Close of Phase I discovery | January 17, 2014 |

| Activity | Deadline |
|---|---|
| Deadline for parties to file motions for summary judgment based upon Phase I discovery | February 6, 2014 |
| Deadline for Plaintiff to file a motion seeking class certification | February 6, 2014 |
| Hearing on Motion for Class Certification | To Be Set By the Court |
| Close of Phase II discovery | May 9, 2014 |
| Deadline for summary judgment based upon Phase II discovery | June 6, 2014 |
| Deadline for Rule 26(a)(3) disclosures | June 27, 2014 |
| Trial | July 2014 |

No party shall take more than ten (10) depositions of non-party witnesses. Counsel may agree among themselves to take more than ten (10) non-party depositions, or may request leave of Court to do so. For purposes of this paragraph, a deposition of a non-party entity under Fed. R. Civ. P. 30(b)(6) shall count as one deposition, even if the entity designates multiple witnesses to testify.

Counsel shall serve all discovery requests by e-mail. In addition, a hard copy shall be served.

4. **Expert Witnesses.** The parties will disclose the information required under Rule 26(a)(2) on the following schedule: Party with the burden of proof on an issue by **March 7, 2014**; opposing party by **April 11, 2014**; rebuttal expert(s) by **May 9, 2014**. If a party does not have the burden of proof on an issue, but, nonetheless procures an expert, the disclosure required under Rule 26(a)(2) must be made by **April 11, 2014**, with the opposing disclosure due

by **May 9, 2014** and the rebuttal due by **May 28, 2014.** Motions, by either party, challenging the designation of experts shall be filed by at least **June 13, 2014.**

     5.    **Settlement.** Counsel shall notify the Court immediately of any settlement.

     6.    **Motions.** Motions in limine shall be filed so that they can be fully briefed before the final pretrial conference, at which time the Court will rule on them.

The parties may request oral argument on any motion, but it is the Court's policy, pursuant to Local Civil Rule 7(J), not to hear oral argument if a motion may be decided without an oral hearing. Local Civil Rule 7(E) is hereby abrogated insofar as it renders motions withdrawn for failure to set a hearing within 30 days of filing. A party need not contact the Court to scheduling a hearing if it does not, in fact, desire a hearing on its motion.

Once filed with the Clerk, one (1) courtesy copy of all pleadings and motions greater than thirty (30) pages in length shall be delivered to Chambers by the next business day.

     7.    **Privilege.** Any party withholding the production of documents and/or things in response to a request for those documents or things during the course of discovery on the basis of privilege shall present a log containing the information required under Fed. R. Civ. P. 26(b)(5) of the Federal Rules of Civil Procedure. If the requesting party disputes the applicability of the claimed privilege, it shall bring the objection to the non-disclosing party's attention, and the parties shall attempt in good faith to resolve the dispute on their own. If the parties are unable to resolve the dispute, the requesting party may bring the matter before the Court by motion. The parties agree that each party's initial privilege log shall be due 45 days from the initial discovery request to which the privileged documents are responsive. The parties may extend this time by mutual agreement or, if necessary, seek an extension from the Court.

8. **Protective Order.** The parties shall confer on the terms of an appropriate Protective Order that may be deemed necessary to protect any confidential or proprietary information that may be exchanged during the course of discovery.

The parties reserve the right to file a motion seeking to alter these pretrial deadlines in the event the First Amended Class Action Complaint or Answer thereto are amended.

Entered this 27 day of August, 2013.

/s/
John A. Gibney, Jr.
United States District Judge

John A. Gibney, Jr.
United States District Judge

**SEEN AND AGREED:**

**COUNSEL FOR PLAINTIFFS:**


  /s/ Leonard A. Bennett
Leonard Anthony Bennett (VSB No. 27523)
Susan Mary Rotkis (VSB No. 40693)
Counsel for Plaintiffs
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com

Anthony R. Pecora (admitted *pro hac vice*)
Matthew A. Dooley (admitted *pro hac vice*)
Counsel for Plaintiffs
Stumphauzer, O'Toole, McLaughlin,
McGlamery & Loughman Co., LPA
5455 Detroit Rd
Sheffield Village, OH 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: apecora@sheffieldlaw.com
Email: mdooley@sheffieldlaw.com

**COUNSEL FOR DEFENDANTS CEVA FREIGHT, LLC**
**CEVA LOGISTICS, LLC AND CEVA LOGISTICS U.S., INC.:**


  /s/ David M. Gettings
John C. Lynch (VSB No. 39267)
David M. Gettings (VSB No. 80394)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7747
Facsimile: (757) 687-1545
Email: john.lynch@troutmansanders.com
Email: david.gettings@troutmansanders.com
Active 21211557v1 243645.000001