IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDRE LAMONT BOYD, *on behalf*
*Of himself and all others similarly situated,*

Plaintiff,

v.  Civil Action No. 3:13-cv-00150-JAG

CEVA FREIGHT, LLC, *et al.*,

Defendants.

## Memorandum Opinion

This matter comes before the Court on the defendants' Motion for Partial Judgment on the Pleadings. (Dkt. No. 26.) The plaintiff's First Amended Complaint, a class action, brings two counts against the CEVA defendants, each alleging a separate (and willful) violation of the Fair Credit Reporting Act. Specifically, the plaintiff asserts in Count 1 that the defendant violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the plaintiff with both (1) notice that a credit report might be obtained and (2) a summary of plaintiff's attendant rights under the FCRA; and in Count 2, that the defendant violated 15 U.S.C. § 1681b(b)(3)(B)(i) by similarly failing to provide the plaintiff with notice of the defendant's adverse action within three days of that action. The defendants raise three primary objections: first, that Counts 1 and 2 should be dismissed against two of the defendants, CEVA Freight and CEVA Logistics, because those entities neither obtained nor used the plaintiff's credit report, and thus had no duty to the plaintiff under the FCRA; second, that the defendant properly complied with another, alternative notice provision; and third, that the Court should dismiss the willfulness component of Count 1.

The complaint states a plausible claim for relief against each of the listed defendants, and so the Court DENIES the defendant's motion to dismiss CEVA Freight and CEVA Logistics.

Because the FCRA provision at issue in Count 1 is mandatory, not permissive, the defendant was compelled to abide by its specific requirements; the Court therefore DENIES the defendant's motion as to Count 1. Finally, because only a *complete* textual misreading – not misinterpretation – of the instant statute section could render the defendant's proposed interpretation of that section "reasonable," the Court DENIES the defendant's motion to dismiss the willfulness component of Count 1.

## I. Statement of Facts

Andre Boyd alleges the following facts in his complaint. In March 2011, Boyd completed an online job application for a commercial truck driver position with the listed defendants (collectively, "CEVA") through CEVA's website. CEVA consists of four separate corporate entities: CEVA Freight, LLC, CEVA Logistics, LLC, and CEVA Logistics, North America, and CEVA Logistics, U.S. The CEVA defendants solicit job applicants throughout North America exclusively online; Boyd says that CEVA does not distinguish among CEVA's various corporate entities in its job application process.

The plaintiff also says that the CEVA defendants operate with a single Human Resources department or process, and that all CEVA entities operate collectively as one human resources "user" of consumer reports. The plaintiff claims that because of the umbrella-type nature of CEVA's application process, he did not know the identity of the specific CEVA entity to which he was applying.

Upon receiving Boyd's online application, CEVA engaged HireRight Solutions to provide a consumer report for the plaintiff. That report, provided in March 2011, included the dates of service for Boyd's previous employment. CEVA's corporate headquarters subsequently declined

Boyd's application, explaining that the dates of service he provided for his previous employment on his online application did not match those listed on his consumer report.

The complaint alleges that the CEVA defendants willfully violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the plaintiff and other applicants with (1) notice that a consumer report may be obtained for employment purposes, and (2) a summary of their rights under 15 U.S.C. § 1681m(a)(3). Boyd points to CEVA's decision to deny his application (based in whole or in part upon the information contained in the consumer report) as constituting an 'adverse action' against him. Boyd subsequently alleges, in Count 2, that the CEVA defendants willfully violated 15 U.S.C. § 1681b(b)(3)(B)(i) by taking this adverse action without providing, within three days of that adverse action, the notice required (and defined) by that statute section.

## II. Standard of Review

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as the standard used in a Rule 12(b)(6) motion for failure to state a claim. *Independence News, Inc. v. City of Charlotte,* 568 F.3d 148, 154 (4th Cir. 2009); *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir. 2002); *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion for judgment on the pleadings, the Court tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court must accept all the complainant's factual allegations as true and resolve factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *E. Shore Mkts., Inc. v. J.D.*

*Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the complainant must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).

The complaint instead "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint containing facts that are merely "consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557. A claim thus becomes "facially plausible" when the complainant offers "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Assessing whether a claim achieves plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. <u>Discussion</u>

#### A. Boyd's Pleadings State a Plausible Claim Against Each Listed Defendant

Under the applicable standard of review, the Court considers whether the plaintiff's pleadings state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To stand as "facially plausible" – that is, to survive a motion for judgment on the pleadings on the issue of who are 'proper defendants' – Boyd's complaint must allege factual content sufficient to "allow the court to draw the reasonable inference" that *each* of the listed defendants "is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Boyd's complaint says that he applied for a position with CEVA through its website; that the website referred to CEVA as a "giant group" comprised of multiple independent CEVA corporate entities; that the website did not specify (and thus, Boyd did not know) *which* CEVA entity he was submitting his application to; and that Boyd has yet to ascertain precisely *which* CEVA entity caused his consumer report to be procured or took adverse action against him as a result of that report. Although some of the CEVA defendants may have taken no role in the events in this case, Boyd has at least alleged that they all played a part in the statutory violations. Boyd's complaint thereby asserts a cause of action against each of the listed CEVA defendants.

CEVA urges the Court to consider CEVA's competing factual allegation: that the evidence shows that two of the listed CEVA defendants had no dealings with Boyd. At this stage of the proceedings, the Court tests only the *sufficiency* of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Court will not weigh the parties' evidence at this stage of the proceedings, and so denies CEVA's motion.

### B. § 1681b Required CEVA to Comply With § (b)(2)(B)(i)

*1. § 1681b(b)(2)(B) Creates Mandatory – Not Permissive – Requirements*

A determination of CEVA's responsibility to Boyd under the FCRA necessarily begins with an analysis of that statute's language. *See Holland v. Big River Minerals Corp.*, 181 F.3d 597, 603 (4th Cir. 1999). The Court first determines "whether the language at issue has a plain and unambiguous meaning." *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).

The statute at issue is § 1681b(b)(2) of the Fair Credit Reporting Act. To lawfully obtain a consumer report for an applicant, an employer must abide by the requirements detailed in § (b)(2)(A):

> (2) Disclosure to consumer
> > (A) In general
> > *Except as provided in subparagraph (B)*, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> > > (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
> > > (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C.A. § 1681b (emphasis added). The statute clearly dictates that if subparagraph (B) applies, then subparagraph (A) does *not*. There is no statutory hedging, no permissive language. Subparagraph (B) stands as an exception to subparagraph (A); when implicated, subparagraph (B) controls.

Subparagraph (B) governs an employer's duties as to those applicants "described in subparagraph (C). . ." *Id.* Neither party disputes that Boyd, as a remote applicant for a truck driver position, meets the definition detailed in subparagraph (C). Subparagraph (B) therefore controls in establishing CEVA's specific duties as to Boyd, and states as follows:

> (B) Application by mail, telephone, computer, or other similar means
> > *If a consumer described in subparagraph (C) applies* for employment by mail, telephone, computer, or other similar means, at any time before a consumer report is procured or caused to be procured in connection with that application--
> > > (i) the person who procures the consumer report on the consumer for employment purposes *shall provide* to the consumer, by oral, written, or electronic means, notice that a consumer report may be obtained for employment purposes, and a summary of the consumer's rights under section 1681m(a)(3) of this title; and
> > > (ii) the consumer shall have consented, orally, in writing, or electronically to the procurement of the report by that person.

15 U.S.C.A. § 1681b (emphasis added). The statute thus requires that CEVA – as the "person" procuring the consumer report – "*shall provide*" Boyd with (1) notice that a consumer report might be obtained, and (2) a summary of Boyd's attendant statutory rights under the FCRA.

6

Sections (b)(2)(A) and (B), read in conjunction, require CEVA, under the circumstances at hand, to adhere to the specific requirements of § 1681b(b)(2)(B), and *only* § (b)(2)(B). The sections detail the precise information CEVA must provide Boyd *prior* to obtaining his credit report. Contrary to CEVA's assertion that subparagraph (B) constitutes a permissive, additional option for employers, the FCRA does *not* give employers their "choice" of which statute they prefer to follow. The statutory language creates a clearly defined roadmap that delineates the specific steps an employer must take with respect to different types of applicants.[1]

CEVA's appeal to legislative history is unnecessary and unavailing. Because the meaning of the instant statute is plain and unambiguous, "judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished." *S. Carolina Dep't of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992)).

*2. Boyd States a Plausible Claim Regarding CEVA's Violation of § 1681b(b)(2)(B)*

As noted *supra*, the FCRA required CEVA to provide Boyd with (1) notice of the fact that CEVA might obtain a consumer report on him, and (2) a summary of Boyd's accompanying rights under the FCRA. Boyd alleges, in Count 1 of his complaint, that CEVA failed to do *either*, thereby establishing two distinct violations of § 1681b(b)(2)(B). *See* Compl. ¶¶ 46, 47.

CEVA submits an evidentiary exhibit contradicting Boyd's factual allegations regarding CEVA's above-noted omissions. When considering a motion for judgment on the pleadings, however, the Court must accept all the complainant's factual allegations as true and resolve

---

[1] Further, the *additional* requirement found *only* in § 1681b(b)(2)(B) – requiring employers to provide remote applicants with a summary of their FCRA rights *prior* to obtaining a consumer report – indicates that this section does not serve as an 'alternative' to the *less*-protective § 1681b(b)(2)(A). CEVA's argument that § 1681b(b)(2)(B) operates as a *less* demanding procedure than § 1681b(b)(2)(A) represents – charitably – a counterintuitive proposition.

factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Accordingly, the Court declines CEVA's invitation to weigh the evidence at this stage in the proceedings. Boyd states a plausible cause of action regarding CEVA's violation of § 1681b(2)(B); the Court DENIES CEVA's motion to dismiss Count One.

### C. Willfulness

Finally, CEVA requests that the Court dismiss the "willfulness" prong contained in Count 1. To succeed, CEVA must show that its above-stated interpretation of the FCRA – even if found to be inaccurate – was not so clearly erroneous as to be "objectively unreasonable." The Court finds CEVA's interpretation unreasonable, and so DENIES this prong of CEVA's motion.

The Supreme Court defines "willfulness" under the FCRA as encompassing both knowing and reckless violations of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 59-60 (2007). Addressing "recklessness" within the context of the FCRA, the Supreme Court adopted that term's common legal definition: conduct that violates "an objective standard" by virtue of entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). A defendant acts "recklessly" under the FCRA, the Court stated, when its "reading of the statute" is "objectively unreasonable." *Id.* at 70. The reviewing court need not agree with the defendant's statutory interpretation in order for the defendant to avoid liability for a willful violation of the FCRA. *See id.* at 69 ("Safeco's reading of the statute, albeit erroneous, was not objectively unreasonable.").

Boyd's complaint alleges that CEVA acted in a "willful, wanton, and *reckless*" fashion, by taking action that CEVA "knew, or reasonably should have known" violated the FCRA. (Compl. ¶ 33) (emphasis added). Determining whether CEVA's alleged violations rise to the

level of "recklessness" presents a question of law: whether CEVA's stated interpretation of § 1681b(b)(2) is "objectively unreasonable."[2]

The Third Circuit, in parsing the Supreme Court's rationale in *Safeco*, noted that the Court relied on "three bases" in its consideration of "objective unreasonableness." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 251 (3d Cir. 2012). The Court therefore considers the "reasonableness" of CEVA's interpretation of § 1681b(b)(2) in light of each of those factors.

First, the Court evaluates whether the instant statute gave "clear guidance" as to CEVA's duties as a procurer of consumer reports for remote job applicants. *Id.* at 251. Second, the Court must determine whether CEVA's interpretation of the statute finds "foundation in the statutory text" and a "sufficiently convincing justification." *Id.* at 252 (quoting *Safeco*, 551 U.S. at 50). Finally, the Court considers whether CEVA interpreted the instant statute section "in the absence of any contrary authority" because "'no court of appeals had spoken on the issue, and no authoritative guidance has yet come from the FTC.'" *Id.* (quoting *Safeco*, 551 U.S. at 70).

*1. Statutory Guidance & Statutory Foundation (Bases 1 & 2)*

CEVA interprets § 1681b(b)(2) as comprising two alternate, equally permissible means of complying with the FCRA's disclosure requirements. This interpretation rests on the assumption that the link between those two options – specifically, the initial clause of § 1681b(b)(2)(A) – acts to provide an employer the *option* of complying with either section. That introductory clause

---

[2] A determination as to the 'willfulness' of a defendant's violation of the FCRA is thus appropriate at this stage of the proceedings. The Court considers whether the defendant's interpretation of the statute was *objectively* unreasonable; discovery into the defendant's subjective intentions, or whether the defendant actually applied the asserted interpretation, is irrelevant. *See Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 251 (3d Cir. 2012) ("*Safeco* does not require that the defendant actually have made such an interpretation at any particular point in time."); *Dreher v. Experian Info. Solutions, Inc.*, 2013 WL 2389878 (E.D. Va. May 30, 2013) ("Arguments about a defendant's subjective bad faith have no place in the willfulness analysis." (citing *Safeco*, at 70, n. 20)).

9

states that (b)(2)(A) applies to the procurement of consumer reports "[e]xcept as provided in subparagraph (B)..." 15 U.S.C. § 1681b (emphasis added). CEVA's argument relies on the absence of mandatory language within that introductory clause to support its interpretation that § 1681b(b)(2) states a permissive, rather than mandatory, means of compliance.

As noted above, however, the statutory language that follows clearly indicates that adherence to (b)(2)(A) is *not* authorized if (b)(2)(B) is implicated. The very first sentence in (B) says that "If a consumer described in subparagraph (C) applies for employment..." then "the person who procures the consumer report" – here, CEVA – "... *shall* provide to the consumer [specified information]." 15 U.S.C.A. § 1681b (emphasis added). The statutory language mandates that *if* the consumer in question falls under the rubric of subsection (C), the employer *must* abide by the procedure defined in subsection (B). Subsection (C), in defining that particular "consumer," further emphasizes the employer's specific, mandated duties as to that particular consumer-type: "[s]ubparagraph (B) *shall* apply to a person procuring a consumer report... *only if* [qualifying criteria met]." *Id.* (emphasis added).

Neither party denies that Boyd, at the time he applied to CEVA, met the definition of "a consumer described in subparagraph (C)." As such, the statute's plain language states that CEVA *must* comply with subsection (B). Subsection (B) plainly describes the specific steps that CEVA *must* follow in regards to procuring Boyd's consumer report.

The fact that subparagraph (B) does not *explicitly* state that it preempts subparagraph (A) does not create the ambiguity CEVA claims. The statute says that the occurrence of a certain (defined) condition triggers an employer's duty to abide by the requirements of subparagraph (B). The logical, coherent interpretation of this statutory command acknowledges that subparagraph (A) does not apply if subparagraph (B) does; and thus, an employer may not choose to follow (A)

if the factual circumstances require compliance with (B). The law does not demand, and this Court will not require, the statutory redundancy that CEVA's argument insists upon.

Section 1681b(b)(2) provides sufficiently clear guidance that CEVA *should have known* the administrative procedures required of it when handling Boyd's application. CEVA's claim that its interpretation finds "foundation in the statutory text" can be credited only if the Court were to cease reading the instant statute after perusing only the first of the three relevant subparagraphs at issue ((A) – (C)). *Safeco*, 551 U.S. at 69-70. Any claim that the text of subparagraph (A) constitutes a "less-than-pellucid" mandate to employers cannot survive a reading of subparagraphs (B) and (C). *Id.* at 70. CEVA's asserted interpretation is not an "objectively reasonable" one.

*2. Absence of Contrary Authority or Clarifying Agency Guidance (Basis 3)*

The final basis relied upon by the *Safeco* court considers whether a dearth of on-point precedent or Federal Trade Commission guidance excuses or justifies the defendant's interpretation of the statute at issue. *See id.* at 70.

Boyd's failure to cite "*any authority* holding that" CEVA's interpretation of § 1681b(b)(2) is incorrect is neither surprising nor helpful to the defendant. The absence of authority contrary to CEVA's interpretation, "is not dispositive," but "merely establishes that the issue has not been presented to a court of appeals before." *Fuges*, 707 F.3d at 253, n. 21 (quoting *Cortez v. TransUnion, LLC*, 617 F.3d 688, 722 (3d Cir. 2010)). The absence of judicial or regulatory interpretation does not give the defendant a free ride under the FRCA. *Id.* When, as here, a statute presents a clear, cognizable command, the fact that courts have not troubled themselves to parse its meaning does not act as an indictment of the statute's ambiguity. In the instant case, § 1681b(b)(2) does not present a complicated exercise in statutory interpretation; asserting that the

11

lack of judicial discussion concerning the statute's meaning – more than 20 years after its passage – indicates its textual uncertainty or ambiguity is illogical.

CEVA takes a different tack on the second prong, arguing that the FTC's comments on the instant statute demonstrate the agency's support for CEVA's interpretation. The Agency comments in question, read closely, constitute only accurate acknowledgements of the statute's broadening effect – in terms of the *means* employers may utilize to obtain disclosure from remote applicants, however, not in their choice of statutory sections.

The bulk of CEVA's argument relies on extensive quotations of the legislative history surrounding the 1990 amendments to the FCRA, an arena of argument that seems most appropriately addressed under this final prong of the *Safeco* analysis. CEVA's reliance on legislative history is ultimately unavailing. As noted above, in the context of statutory interpretation, reference to legislative history remains a contingency plan – utilized when the primary means of interpretation fail. The Court – and CEVA – need not thumb through Congressional records, attempting to divine the elusive 'intent' of legislators, unless and until simply *reading* the finalized statute fails to uncover a coherent directive. The FCRA may well contain vague or ambiguous sections, but § 1681b is neither. The Court DENIES the defendant's motion to dismiss the willfulness component of Count 1 at this stage in the proceedings.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the defendants' motion for partial judgment on the pleadings.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: November 26, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge